**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

*Daniel E. Dyer - 1:22-cv-6845-RLY-TAB*

## PLAINTIFF'S MOTION FOR SUBSTITUTION OF PARTY

Plaintiff Daniel E. Dyer , by and through his adult sister, Debra Hannigan and his attorneys Rueb Stoller Daniel, LLP and hereby moves this Court pursuant to Fed. R. Civ. P. 25 to substitute Debra Hannigan as representative of the Estate of Daniel E. Dyer in this matter in place of Daniel E. Dyer in the above captioned action.  As grounds therefore, plaintiff states as follows:

1. On approximately December 17, 2023, plaintiff Daniel E. Dyer passed away.

2. Debra Hannigan is the adult sister and representative of the estate of the deceased Plaintiff.  *See*, Durable Power of Attorney attached hereto as Exhibit A.

3. Rule 25 of the Fed. R. Civ. P. allows for the substitution of a party in the event of death.

4. Notice of Death was provided on  October 10, 2024.  *See* MDL Dkt. #26127.

WHEREFORE, Plaintiff respectfully requests that this Court allow the substitution of Debra Hannigan as representative of the Estate of Daniel E. Dyer in this matter in place of deceased Plaintiff Daniel E. Dyer.

Dated:  November 13, 2024        Respectfully submitted,

Daniel E. Dyer
Deceased Plaintiff

By his attorneys,

/s/Matthew R. Lopez

Matthew R. Lopez
*(Admitted Pro Hac Vice, CA Bar No. 263134)*
RUEB STOLLER DANIEL, LLP
120 Vantis Drive, Suite 430
Aliso Viejo, CA 92656
Telephone: 949-691-1532
Fax: (855) 203-2035
matt.lopez@lawrsd.com

**Counsel for Plaintiffs**

## **CERTIFICATE OF SERVICE**

     I, Matthew R Lopez , hereby certify that a copy of the foregoing document has been electronically served upon all counsel of record on November 13, 2024.

                                      */s/ Matthew R. Lopez*
                                      Matthew R. Lopez

# EXHIBIT A

# *DURABLE POWER OF ATTORNEY*

I, Daniel Dyer, residing at 7 Heritage Drive Apartment 219, Claremmont, New Hampshire 03743, hereby appoint Debra L. Hannigan of 61 Messer Rd, Sunapee, New Hampshire 03782, as my attorney-in-fact ("Agent") to exercise the powers and discretions described below.

This power of attorney shall not be affected by disability, incompetency, or incapacity of the principal.



I hereby revoke any and all general powers of attorney and special powers of attorney that previously have been signed by me.

My Agent shall have full power and authority to act on my behalf. This power and authority shall authorize my Agent to manage and conduct all of my affairs and to exercise all of my legal rights and powers, including all rights and powers that I may acquire in the future. My Agent's powers shall include, but not be limited to, the power to:

    1. Open, maintain or close bank accounts (including, but not limited to, checking accounts, savings accounts, and certificates of deposit), brokerage accounts, retirement plan accounts, and other similar accounts with financial institutions.

        a. Conduct any business with any banking or financial institution with respect to any of my accounts, including, but not limited to, making deposits and withdrawals, negotiating or endorsing any checks or other instruments with respect to any such accounts, obtaining bank statements, passbooks, drafts, money orders, warrants, and certificates or vouchers payable to me by any person, firm, corporation or political entity.

        b. Add, delete or change beneficiaries to any financial accounts I own including insurance policies, annuities, retirement accounts, payable on death savings or checking accounts or other investments.

        c. Perform any act necessary to deposit, negotiate, sell or transfer any note, security, or draft of the United States of America, including U.S. Treasury Securities.

        d. Have access to any safe deposit box that I might own, including its contents.

    2. Provide for the support and protection of myself, my spouse, or of any minor child I have a duty to support or have established a pattern of prior support, including, without limitation, provision for food, lodging, housing, medical services, recreation and travel;

    3. Sell, exchange, buy, invest, or reinvest any assets or property owned by me. Such assets or property may include income producing or non-income producing assets and property.

4. Purchase and/or maintain insurance and annuity contracts, including life insurance upon my life or the life of any other appropriate person.

5. Take any and all legal steps necessary to collect any amount or debt owed to me, or to settle any claim, whether made against me or asserted on my behalf against any other person or entity.

6. Enter into binding contracts on my behalf.

7. Exercise all stock rights on my behalf as my proxy, including all rights with respect to stocks, bonds, debentures, commodities, options or other investments.

8. Maintain and/or operate any business that I may own.

9. Employ professional and business assistance as may be appropriate, including attorneys, accountants, and real estate Agents.

10. Sell, convey, lease, mortgage, manage, insure, improve, repair, or perform any other act with respect to any of my property (now owned or later acquired) including, but not limited to, real estate and real estate rights (including the right to remove tenants and to recover possession). This includes the right to sell or encumber any homestead that I now own or may own in the future.

11. Prepare, sign, and file documents with any governmental body or agency, including, but not limited to, authorization to:

   a. Prepare, sign and file income and other tax returns with federal, state, local, and other governmental bodies.

   b. Obtain information or documents from any government or its agencies, and represent me in all tax matters, including the authority to negotiate, compromise, or settle any matter with such government or agency.

   c. Prepare applications, provide information, and perform any other act reasonably requested by any government or its agencies in connection with governmental benefits (including medical, military and social security benefits), and to appoint anyone, including my Agent, to act as my "Representative Payee" for the purpose of receiving Social Security benefits.

12. Make gifts from my assets to members of my family and to such other persons or charitable organizations with whom I have an established pattern of giving (or if it is appropriate to make such gifts for estate planning and/or tax purposes), to file state and federal gift tax returns, and to file a tax election to split gifts with my spouse, if any. No Agent acting under this instrument, except as specifically authorized in this instrument, shall have the

power or authority to (a) gift, appoint, assign or designate any of my assets, interests or rights, directly or indirectly, to such Agent, such Agent's estate, such Agent's creditors, or the creditors of such Agent's estate, (b) exercise any powers of appointment I may hold in favor of such Agent, such Agent's estate, such Agent's creditors, or the creditors of such Agent's estate, or (c) use any of my assets to discharge any of such Agent's legal obligations, including any obligations of support which such Agent may owe to others, *excluding* those whom I am legally obligated to support.

13. To transfer any of my assets to the trustee of any revocable trust created by me, if such trust is in existence at the time of such transfer.

14. Subject to other provisions of this document, my Agent may disclaim any interest, which might otherwise be transferred or distributed to me from any other person, estate, trust, or other entity, as may be appropriate. However, my Agent may not disclaim assets to which I would be entitled, if the result is that the disclaimed assets pass directly or indirectly to my Agent or my Agent's estate. Provided that they are not the same person, my Agent may disclaim assets which pass to my Gift Agent, and my Gift Agent may disclaim assets which pass to my Agent.

15. Have access to my healthcare and medical records and statements regarding billing, insurance and payments.

This Power of Attorney shall be construed broadly as a General Power of Attorney. The listing of specific powers is not intended to limit or restrict the general powers granted in this Power of Attorney in any manner.

Any power or authority granted to my Agent under this document shall be limited to the extent necessary to prevent this Power of Attorney from causing, (i) my income to be taxable to my Agent, (ii) my assets to be subject to a general power of appointment by my Agent, or (iii) my Agent to have any incidents of ownership with respect to any life insurance policies that I may own on the life of my Agent.

My Agent shall not be liable for any loss that results from a judgment error that was made in good faith. However, my Agent shall be liable for willful misconduct or the failure to act in good faith while acting under the authority of this Power of Attorney. A Successor Agent shall not be liable for acts of a prior Agent.

No person who relies in good faith on the authority of my Agent under this instrument shall incur any liability to me, my estate or my personal representative. I authorize my Agent to indemnify and hold harmless any third party who accepts and acts under this document.

If any part of any provision of this instrument shall be invalid or unenforceable under applicable law, such part shall be ineffective to the extent of such invalidity only, without in any way affecting the remaining parts of such provision or the remaining provisions of this instrument.

My Agent shall be entitled to reasonable compensation for any services provided as my Agent. My Agent shall be entitled to reimbursement of all reasonable expenses incurred as a result of carrying out any provision of this Power of Attorney.

My Agent shall provide an accounting for all funds handled and all acts performed as my Agent as required under state law or upon my request or the request of any authorized personal representative, fiduciary or court of record acting on my behalf.

This Power of Attorney is granted in, and shall be governed by the laws of the state of New Hampshire; however, I intend that this Power of Attorney be universally recognized and that it be universally admissible to recordation. In the event that I become a resident of another jurisdiction, or obtain property, including real property or any other property interest, in another jurisdiction, it remains my intention that the laws of New Hampshire shall continue to govern this Power of Attorney.

This Power of Attorney shall become effective immediately, and shall not be affected by my disability or lack of mental competence, except as may be provided otherwise by an applicable state statute. This is a Durable Power of Attorney. This Power of Attorney shall continue effective until my death. This Power of Attorney may be revoked by me at any time by providing written notice to my Agent.

Dated August 19, 2022, at Newport, New Hampshire.

_____
Daniel Dyer

STATE OF NEW HAMPSHIRE,
COUNTY OF SULLIVAN, ss:

This instrument was acknowledged before me on this 19 day of August, 2022 by Daniel Dyer.

_____
Notary Public

BRIDGET A. COLEMAN
NOTARY PUBLIC
State of New Hampshire
My commission expires My Commission Expires October 27, 2026

Page 5 of 5